**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SANDY R. HERNANDEZ,** | : | |
| **Petitioner** | : | |
| | : | **Civil Action No. 1:12-cv-01702** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **MARY SABOL, Warden,** | : | |
| **York Correctional Facility, et al.,** | : | |
| **Respondents** | : | |

**MEMORANDUM ORDER**

Sandy R. Hernandez, presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") confined at the York County Prison, Pennsylvania, filed this counseled emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) on August 25, 2012. (Doc. No. 1.) Hernandez contends that his mandatory detention pending the resolution of removal proceedings pursuant to 8 U.S.C. § 1226(c) is not authorized and is, therefore, unlawful. For the reasons stated more fully herein, the Court finds that Hernandez is presently subject to the mandatory detention provisions of 8 U.S.C. § 1231 and, as a result, will dismiss his emergency petition for a writ of habeas corpus as premature.

Hernandez is a native and citizen of the Dominican Republican. He entered the United States on or about September 8, 1984 at New York, New York. (Doc. No. 1 at 3.) On September 6, 1995, he was convicted in the Superior Court of New Jersey at Middlesex County, New Jersey, for the offense of distribution of a controlled substance, in violation of N.J.S. 2C:35-5(a)(1). (Id.) He was also convicted on January 8, 2002, following a plea of guilty, in the Criminal Court of New York, New York for the offense of criminal possession of a controlled substance in the seventh degree, in violation of N.Y. PG20.03. (Id.) He was sentenced to time

served and released from criminal custody on the same date.

On April 20, 2007, Hernandez appeared before immigration officials for an examination with respect to an application for naturalization he had submitted in accordance with Section 316(a) of the Immigration and Nationality Act ("INA"). Hernandez was found ineligible for naturalization on the basis of "Poor Moral Character" due to his 1995 conviction on the New Jersey charge for distribution of a controlled dangerous substance, an aggravated felony as defined in Section 101(a)(43) of the INA. (Id. at 4.)

On February 16, 2011, immigration agents traveled to an address in Bethlehem, Pennsylvania, in an effort to serve Hernandez with a Notice to Appear. Although they did not locate him at the time, they did speak with Hernandez over the telephone. He was subsequently served with the Notice to Appear on February 28, 2011 and taken into ICE custody at that time. Hernandez was charged as being subject to removal from the United States pursuant to Section 237(a)(2)(A)(iii) of the INA, codified at 8 U.S.C. § 1227(a)(2)(A)(iii), in that he was convicted of an aggravated felony, and Section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i), in that he was convicted of violating a law relating to a controlled substance. (Id.) On the same date, a Notice of Custody Determination and a Warrant for Arrest of Alien were issued. (Id.)

Since February 28, 2011, Hernandez has been mandatorily detained at the York County Prison pursuant to 8 U.S.C. § 1226(c) during the pendency of the removal proceedings against him. On June 2, 2011, he filed a petition for writ of habeas corpus through counsel, challenging his mandatory pre-final removal order detention. See Hernandez v. Sabol, 1:11-cv-01064 (M.D. Pa.) (Doc. No. 1). In that petition, Hernandez maintained that he was not subject to the mandatory detention statute given that he was not taken into immigration custody immediately

upon his release from criminal custody on January 8, 2002, as required by Section 1226(c). (Id.) The Court denied Hernandez's petition on October 18, 2011. See Hernandez v. Sabol, 823 F. Supp. 2d 266, 273 (M.D. Pa. 2011).

On February 13, 2012, Hernandez appeared before the Immigration Court in York, Pennsylvania, "for an individual hearing on the merits of his applications for relief." (Doc. No. 4-1 at 28.) Hernandez sought an application for Withholding of Removal under Section 241(b)(3) of the INA and Article III of the Convention Against Torture ("CAT"). (Doc. No. 4-2 at 9.) On March 9, 2012, Immigration Judge Dorothy Harbeck denied Hernandez's applications for relief and ordered that Hernandez be deported and removed from the United States to the Dominican Republican. (Doc. No. 4-3 at 10.) Hernandez appealed Judge Harbeck's order to the Board of Immigration Appeals ("BIA"). (Doc. No. 4-4 at 2.) On July 10, 2012, the BIA dismissed the appeal. (Id. at 2-3.) On July 24, 2012, Hernandez filed an appeal and motion for stay of removal in the United States Court of Appeals for the Third Circuit. (Doc. No. 1-3 at 2.) The Third Circuit issued a temporary stay of removal on July 25, 2012. (Id.)

Hernandez filed the instant emergency petition for a writ of habeas corpus on August 25, 2012. (Doc. No. 1.) In his petition, Hernandez contends that his continued detention deprives him of due process under the Fifth Amendment and requests that an individualized bond hearing be conducted. (Id.) On September 6, 2012, the Third Circuit vacated the temporary stay of removal, finding that Hernandez "has failed to demonstrate a likelihood of success on the merits of his petition for review." Hernandez-Hernandez v. Attorney General of the United States, C.A. No. 12-3071 (3d Cir. Sept. 6, 2012).

In light of the Third Circuit's September 6, 2012 order, Hernandez is now subject to the mandatory detention provisions of 8 U.S.C. § 1231. Pursuant to Section 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." During this ninety-day period, which is referred to in immigration terms as "the removal period," detention of the alien is mandatory. U.S.C. § 1231(a)(2); Zadvydas v. Davis, 533 U.S. 678, 683 (2001). The removal period commences on the latest of the following events:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). At the end of the ninety-day period, if the alien has not been removed from the United States, his post-removal period detention may be continued only as long as "reasonably necessary to bring about [his] removal." Zadvydas, 533 U.S. at 689. Alternatively, he may be released under the supervision of the Attorney General. See 8 U.S.C. § 1231(a)(3), (6). The Supreme Court, however, has cautioned that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Zadvydas, 533 U.S. at 699. The Supreme Court has also recognized that the presumptively reasonable period of post-removal detention pursuant to Section 1231(a)(6) is six months. Id. at 701. Detention beyond this six-month period, however, "does not mean that every alien not removed must be released." Id. Rather, at the conclusion of the six-month period, the alien may provide "good reason to

believe that there is no significant likelihood of removal in the reasonably foreseeable future" and, upon doing so, the burden shifts to the Government to "respond with evidence sufficient to rebut that showing." Id.

Here, on the date that Hernandez filed his habeas petition, his detention was pursuant to 8 U.S.C. § 1226(c), as his removal proceedings were ongoing. Since that time, however, the Third Circuit issued a final order for Hernandez's removal from the United States. Because the mandatory ninety-day detention period has yet to expire, and the presumptively reasonable six-month period established by the Supreme Court in Zadvydas has yet to commence, Hernandez's emergency petition for writ of habeas corpus must be dismissed.

**ACCORDINGLY**, on this 22nd day of October 2012, **IT IS HEREBY ORDERED THAT** the emergency petition for writ of habeas corpus (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** as premature, and the Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania